IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KARIN MARROQUIN and SERGIO GARCIA,<br><br>            Plaintiffs,<br>    v.<br><br>PORTLAND GENERAL ELECTRIC, CFO JOSEPH TRPIK, DAVID F. WHITE, and JAZMINE BOWENS,<br><br>            Defendants. | Case No.: 3:23-cv-01915-YY<br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation ("F&R") in this case on January 19, 2024. Performing the gatekeeping *sua sponte* review of a complaint filed by a *pro se* litigant, Judge You recommended that this Court dismiss plaintiffs' amended complaint for failure to allege a plausible federal claim. Plaintiffs filed objections.

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* If no objections are filed, then no standard of review applies. However, further review by the district court *sua sponte* is not prohibited. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Without addressing specific portions of the F&R, plaintiffs reiterate and elaborate the factual allegations and claims in their amended complaint and assert that the pleadings establish federal question jurisdiction. Pls.' Objs. to F&R ("Objs."), ECF [13], at 1.

Plaintiffs' amended complaint alleges claims under several criminal statutes, a rule

1

promulgated by the Consumer Financial Protection Bureau, the Equal Credit Opportunity Act, 42 U.S.C. § 1983, and the Eighth Amendment.  Am. Compl., ECF [10], at 3.  The criminal statutes and the rule promulgated by the Consumer Financial Protection Bureau do not create a private right of action, and thus cannot be relied on by a civil plaintiff to state a claim for relief.  *Cort v. Ash*, 422 U.S. 66, 79-80 (1975); 12 C.F.R. § 1001.

As noted by Judge You, 42 U.S.C. § 1983 is "not a standalone source of substantive rights" but "creates a cause of action for violations of the federal Constitution and laws by officials acting under the color of law."  *See* F&R, ECF [11], at 3 (quoting *Chung v. Cnty. of Santa Clara*, 614 F. Supp. 3d 709, 718 (N.D. Cal. 2022)).  Consequently, plaintiffs must sufficiently allege a constitutional violation by state actors.  The only constitutional violation alleged in the amended complaint is an Eighth Amendment claim[1] for cruel and unusual punishment, in which plaintiffs allege defendants created a "power failure … resulting in mental anguish, emotional distress and psychological damage."  Am. Compl. 3.  Plaintiffs' reliance on the Eighth Amendment is misguided.  The Eighth Amendment is generally applied only in the context of criminal proceedings and incarceration.  *See Ingraham v. Wright*, 430 U.S. 651, 664-68 (1977).  Plaintiffs do not allege that they have been charged or convicted with a crime, or that the circumstances allegedly causing them harm have been imposed upon them by defendants as punishment for a crime.  As such, plaintiffs have failed to sufficiently allege a constitutional violation.  Even if plaintiffs could establish a constitutional violation, however, plaintiffs have failed to allege how defendants are state actors.

The Equal Credit Opportunity Act, 12 C.F.R. § 1002, provides some protections for individuals seeking credit.  As Judge You correctly found, however, plaintiffs have failed to allege facts showing how the Act was violated.  *See* F&R 3.

Finally, because plaintiffs cannot establish a plausible federal claim, plaintiffs' common

---

[1] Plaintiffs allege for the first time in their objections a constitutional violation under the Fifth Amendment.  *See* Objs. 1.  The Court need not consider new claims raised in plaintiffs' objections and, in any event, the conclusory allegation that defendants, who plaintiffs have not alleged are state actors, violated plaintiffs' Fifth Amendment rights is not sufficient to plead a constitutional violation under 42. U.S.C. § 1983.  *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).

law claim for breach of contract and claims under various state statutes are not within the jurisdiction of the Court. *See* 28 U.S.C. § 1367(a).

Plaintiffs' objections also request that, in event the Court agrees with the F&R, this Court "move [the case to]…State District Court." Objs. 3. The Court understands plaintiffs' request as a motion to remove the case to a state court. The Court has determined that it lacks subject matter jurisdiction to hear this case. When a federal court lacks subject matter jurisdiction, it "cannot proceed at all in any cause." *Steel Co v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (internal quotation marks omitted). Put simply, this case cannot be removed to a state court because this Court lacks authority to continue adjudicating it and is required to dismiss the case. Even if the Court had subject matter jurisdiction over this case, it could not remove the case to a state court. When a case originates in a federal court, there is no ability for a party to remove a case from federal court into state court. 28 U.S.C. § 1441.

Accordingly, the Court ADOPTS Judge You's Findings and Recommendation, ECF [11]. Based on the Court's *de novo* review, this case is DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 17th day of June, 2024.

_____
Adrienne Nelson
United States District Judge